1  Mr. Andre Toliver, CDC# K-27561
   Kern Valley State Prison
2  Facility A-2-122
   Post Office Box 5101
3  Delano, CA 93216-5101.,

4  Petitioner In Pro Se.



FILED
08 FEB -8 PM 1:19
[CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ANDRE TOLIVER, | ) No. C 07-2744 WHA (PR) |
|---|---|
| Petitioner, | ) MOTION FOR THE MAGISTRATE |
| | ) JUDGE TO ACT BY ORDERING |
| v. | ) A EVIDENTIARY HEARING BE |
| | ) CONDUCTED WHILE ADJUDICATE |
| A. J. MALFI, Warden, | ) OF THE MERITS TO PETITION'S |
| | ) RAISED GROUND IV CLAIM; |
| Respondent. | ) ALTERNATIVELY, ANSWER THE |
| | ) RAISED JOINING QUESTIONS |
| | ) HEREIN PLEADING |

TO:    THE HONORABLE PRESIDING WILLIAM ALSUP, UNITED STATES DISTRICT
JUDGE, (ET AL.).

COMES NOW, Andre Toliver, petitioner, a State prisoner, who is proceeding with the immediate habeas corpus action in pro se, and moves the Court for "motion for the magistrate judge to act by ordering a evidentiary hearing be conducted while adjudicate of the merits to petition's raised ground iv claim (Viz. Pet. ground 4 claim); alternatively, answer the raised joining questions herein pleading" pursuant to Rules Governing Section 2254 Cases in the United States District Courts, rule 8 (a)-(b)(1)&(2), and states, as follows:

With regards to the petition at its raised (Ground 4) alleged

1.

violation claim insofar as this Petitioner asserts that "the trial court violated petitioner's rights when it denied him the right to represent himself." Thereto. Petitioner contends that there is a necessity for an evidentiary hearing to be conducted "so that this Petitioner may have the requested opportunity to take the witness stand and explain in full detail(s) the reasons' why Petitioner had wanted to represent himself at trial, including how the relationship between Petitioner and his trial attorney was so broken down that it prevented Petitioner from presenting a adequate defense at trial to prove actual innocence to certain charges." See i.e., Bland v. California Dep't. of Corrections, 20 F.3d 1469, 1479 (9th Cir.), cert. denied, 115 S. Ct. 357 (1994) ("Bland set forth three factors -- timeliness and nature of the inquiry or absence of any inquiry, and any broken down communication between defendant and attorney that might have preventrd an adequate defense.")

In the alternative to the above discussion, Petitioner herein mentioned acts to requests that the district court answer of each of the raised questions' below while acting to adjudicate of the merits to the petition's raised (Ground 4) violation claim (i.e., "function of the magistrate judge in accordance with 28 U.S.C. § 636(b)"), and ask, as follows:

a) When the trial court acted to deny Petitioner of his right to represent of himself at trial, does the trial record show that Petitioner had engaged in outlandish behavior in the courtroom while attempting to knowingly and unequivocally waive his Sixth Amendment right to counsel? See Johnson v. Kelly, 633 F. Supp. 1245, 1248 (S.D.N.Y. 1986); Maxwell v. Summer, 673 F.2d 1031 (9th Cir. 1982);

2.

1  **b)** When this Petitioner had wished to proceed pro se at his
2  trial, had he made a "timely" and unequivocal request on the trial
3  court record? See United States v. Allen, 789 F.2d 90 (1st Cir.
4  1986); Meeks v. Craven, 482 F.2d 465, 467 (9th Cir. 1973);

5  **c)** When this Petitioner had ask the trial court for the opp-
6  ortunity to represent himself at trial, does the trial record show
7  any evidence that Petitioner had done so for the position or pur-
8  pose of trying to delay of his trial? See United States v. Smith,
9  780 F.2d 810, 812 (9th Cir. 1986); Fritz v. Spalding, 682 F.2d 782,
10 784 (9th Cir. 1982); and

11  **d)** When this Petitioner had ask the trial court for the opp-
12 ortunity to represent himself at trial, does the trial record show
13 any evidence concerning where the trial judge had made sure that
14 Petitioner was aware of the dangers and disadvantages of self-
15 representation ("with any particular set forth reasons"), including
16 such areas as possible exclusion of evidence, self-incrimination,
17 and waiver of potential defenses? See United States v. Mitchell,
18 788 F.2d 1232 (7th Cir. 1986).[1/]

---

1. As noted above inside of MOTION. Petitioner contends that the trial court failed to accertain whether the Petitioner was aware of the nature of the charges and the maximum possible sentence; and ascertain whether the Petitioner knows about the rules of evidence and criminal procedure and will follow them. See Fritz v. Spalding, supra, noted at 682 F.2d 782, 784("court may not deprive of that right "to self-representation" absent an affirmative showing of purpose to secure delay." (emphasis in original); see also Moreno v. Estelle, 717 F.2d 171, 175 (5th Cir. 1983)- Johnstone v. Kelly, 633 F. Supp. 1245, 1248. Here, the trial court abused its discretion while denying Petitioner of his Sixth Amendment right to self-representation at trial. See i.e., Armant v. Marquez, 772 F.2d 552, 555 (9th Cir. 1985).

3.

1   **PLEASE BE ADVISED THAT** said Petitioner having acted to file of
2   the instant motion with the district court because it raised contents
3   will be used as part of Petitioner's, "hypothetically speaking", set
4   forth reasons' for raising objections to the report and recommenda-
5   tion by the magistrate judge in this case should Petitioner be <u>not</u>
6   satified with the magistrate's findings of fact. [2/]

7   I declare under penalty of perjury that the foregoing is true
8   and correct.

9   Dated: February 4, 2008       by /s/ Andre Toliver
                                       ANDRE TOLIVER.,
10
                                       Petitioner In Pro Se
11

12                           CONCLUSION
13  Accordingly, petitioner respectfully requests that the motion
14  be granted insofar as to an evidentiary hearing be conducted; in
15  the alternative, that the motion's raised questions' to the district
16  court be answered.

17  Dated: February 4, 2008       Respectfully submitted,

18                                /s/ Andre Toliver
                                  ANDRE TOLIVER.,
19
                                  Petitioner In Pro Se.
20

---

2. Petitioner having acted to receive legal assistance from another State prisoner-convict, namely, Mr. Phillip B. Gunn, CDC# C-34848, for the purpose of drafting and filing of the instant motion into the district court. Here, Petitioner only seeks to assure that his raised (Ground 4) claim is fully given consideration, and adjudicate of the merits based on the available facts of the case.

4.

## VERIFICATION

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, Andre Toliver, declare under the penalty of perjury that:

I am the Petitioner in the attached matter; I have read the foregoing document(s) and know the contents thereof; that the same is true of my own personal knowledge, and if called to testify as to the contents thereof, I could do so competently as a sworn witness.

Executed this 4th day of February, 20 08, at Kern Valley State Prison, Delano, CA. 93216-5101.

_____
Declarant

..............................................................

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, Phillip B. Gunn, CDC# C-34848, declare: That I am a resident of Kern Valley State Prison, Delano, California; I am over the age of 18 years; ( [ ] I am / [X] I am not ) a party to the above entitled action; My address is P.O. Box 5101, Delano, California 93216-5101. I served the attached document(s) entitled;

**MOTION FOR MAGISTRATE JUDGE TO ACT BY ORDERING A EVIDENTIARY HEARING BE CONDUCTED WHILE ADJUDICATE OF THE MERITS TO PETITION'S RAISED GROUND IV CLAIM, ALTERNATIVELY, ANSWER QUESTIONS, "ETC.**

On the persons/parties specified below by placing a true copy of said document(s) into a sealed envelope with the appropriate postage affixed thereto and placing said envelope(s) into the United States Mail in a deposit box provided for at the Kern Valley State Prison, Delano, California, addressed as follows:

SHARON R. WOODEN, Deputy Attorney General, State Bar No. 108709,
455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-3664.


There is First Class mail delivery service by the United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this 4th day of February, 20 08, at Kern Valley State Prison, Delano, Califrnia 93216-5101.

_____
Declarant
PHILLIP B. GUNN, C-34848