IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE TOLIVER, | No. C 07-2744 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING** |
| v. | |
| A. J. MALFI, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. Petitioner has moved for an evidentiary hearing. For the reasons discussed below, the motion will be denied.

**DISCUSSION**

An evidentiary hearing is held in federal habeas cases only under the most limited circumstances. *Baja v. Ducharme*, 187 F.3d 1075, 1077-79 (9th Cir. 1999). An evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court can be held only if petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). In short, if petitioner did not attempt to present in state court the facts he wishes to present now, for instance by

attempting to develop them in his state habeas proceedings, he cannot do so now unless he can show that he meets the provisions of section 2254(e)(2) outlined above.

A prisoner "fails" to develop the factual basis of a claim, triggering § 2254(e)(2), if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams (Michael) v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. Accordingly, where the prisoner has met the burden of showing he was diligent in efforts to develop the facts supporting his claims in state court, an evidentiary hearing may be held without regard to whether the "stringent" requirements of § 2254(e)(2) apply. *See id.* at 437; *Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003); *Jones v. Wood*, 114 F.3d 1002, 1013 (9th Cir. 1997).

It is petitioner's burden to show that he attempted to develop the facts in state court but was prevented from doing so, for instance by the state court's denial of an evidentiary hearing. *See Hutchison v. Bell*, 303 F.3d 720, 747 (6th Cir. 2002) (requiring petitioner to demonstrate "sufficient diligence"); *Baja*, 187 F.3d at 1078-79. Petitioner has not presented any information showing that he acted with due diligence in attempting to develop the facts in state court. The motion for an evidentiary hearing will be denied, but without prejudice to renewing it if due diligence can be shown.

## CONCLUSION

Petitioner's motion for an evidentiary hearing (document number 24 on the docket) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August   18  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\TOLIVER2744.EVID.wpd